UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:09-cv-10555-RBC

STEPHANIE CATANZARO, )
    Plaintiff, )
 )
v. )
 )
EXPERIAN INFORMATION SOLUTIONS, INC. and )
VERIZON NEW ENGLAND, INC., )
    Defendants. )
 )

MEMORANDUM OF LAW OF DEFNDANT, VERIZON NEW ENGLAND, INC., IN SUPPORT OF MOTION TO DISMISS COUNTS I, V, VI, VII AND VIII OF FIRST AMENDED COMPLAINT, PURSUANT TO FED. R. CIV. P. 12(b)(6), AND REQUEST FOR ORAL ARGUMENT

## ISSUE PRESENTED

1. Whether the plaintiff's claim pursuant to 15 U.S.C. §1681 et seq. (the federal Fair Credit Reporting Act, hereinafter "FCRA"), should be dismissed because the First Amended Complaint does not allege that the defendant, Experian Information Solutions, Inc. ("Experian") ever contacted Verizon regarding the plaintiff's disputed credit information.

2. Whether the plaintiff's Massachusetts state law claims alleged under G.L. c. 93, §54A, and G.L. 93A are preempted by the FCRA.

## BACKGROUND

This case stems from a dispute over two telephone accounts that were opened by the plaintiff, Stephanie Catanzaro. The two accounts became delinquent and were reported to Experian, a credit reporting agency. On October 22, 2008, the plaintiff sent a

letter to Verizon, disputing that the two accounts were hers. However, the plaintiff does not allege in her First Amended Complaint that Experian ever notified Verizon that she disputed the two accounts.

As a result of Verizon's and Experian's actions, the plaintiff asserts that her credit score was reduced, she was unable to obtain and benefit from credit, and she suffered distress and humiliation when she was denied access to credit. Verizon denies that it acted improperly with respect to the two telephone accounts.

The plaintiff's First Amended Complaint contains the following claims against Verizon:

1.  Count I – Verizon violated 15 U.S.C. §1681s-2(b)(1) of the FCRA "by failing to conduct reasonable investigations of plaintiff's disputes upon notification by Experian, including but not limited to failing to review all relevant information regarding same and by failing to accurately respond to Experian." (*See* First Amended Complaint, ¶13.)

2.  Count II – Verizon violated 15 U.S.C. §1692(e)(8) (Fair Debt Collection Practices Act, hereinafter "FDCPA") "by failing to communicate to Experian that plaintiff disputed the accounts in question." (*See* First Amended Complaint, ¶17.)

3.  Count V – Verizon violated G.L. c. 93, §54A(a), when it "provided information to Experian knowing or having reasonable cause to believe that it was inaccurate …." (*See* First Amended Complaint, ¶28.)

4.  Count VI – Verizon violated G.L. c. 93, §54A(f), when it "failed to review relevant information submitted by Experian and failed to complete reasonable investigations of

Case 1:09-cv-10555-NMG   Document 11   Filed 08/07/09   Page 3 of 9

information submitted by Experian and failed to complete reasonable investigations of the disputes ...." (*See* First Amended Complaint, ¶32.)

5.  Count VII – Verizon violated G.L. c. 93, §54(c) [sic], when it failed to report to Experian that the plaintiff disputed the two telephone accounts. (*See* First Amended Complaint, ¶36.)

6.  Count VIII – Verizon violated G.L. c. 93A, §2, by "reporting inaccurate credit information, failing to investigate and correct inaccurate credit information in response to plaintiff's requests, failing to report credit information as disputed, and requiring the filing of a police report as a condition of investigating and correcting inaccurate credit information." (*See* First Amended Complaint, ¶41.) The plaintiff further alleged that Verizon failed to make a "timely and reasonable written tender of settlement." (*See* First Amended Complaint, ¶46.)

I. **Standard for a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).**

A motion to dismiss for failure to state a claim is based only on the pleadings. *See* Fed. R. Civ. Pro. 12(b)(6). A district court's central task in evaluating a motion to dismiss is to determine whether the complaint alleges facts sufficient to state a cause of action. A complaint must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988); *see also* Fleming v. Lind-Waldock & Co., 922 F.2d 20, 24 (1st Cir.1990); *cf.* Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir.1982) (stating "it is not enough to allege a

3

general scenario which could be dominated by unpleaded facts"), *cert. denied*, 461 U.S. 944, 103 S. Ct. 2121 (1983); *cf. also* Murphy v. United States, 45 F.3d 520, 522 (1st Cir.1995); Coyne v. City of Somerville, 972 F.2d 440, 444 (1st Cir.1992); and Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir.1990). In deciding a motion to dismiss, a court must accept all well-pleaded facts as true and may not rely on "'bald assertions'" or "unsupportable conclusions." Shaw v. Digital Equipment Corp., 82 F.3d 1194, 1216 (1996); Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir.1987).

II. **The Plaintiff's FCRA Claim Must be Dismissed Because the First Amended Complaint Does Not Allege that Experian Ever Contacted Verizon Regarding the Two Disputed Telephone Accounts.**

The plaintiff alleges in Count I of the First Amended Complaint that Verizon violated 15 U.S.C. §1681s-2(b)(1) of the FCRA by failing to conduct a reasonable investigation upon notification by Experian. However, nowhere in the First Amended Complaint does the plaintiff allege that Experian notified Verizon that the credit information was disputed.

The FCRA requires consumer reporting agencies to implement reasonable procedures in a manner that is fair and equitable to the public. 15 U.S.C. §1681(b). As discussed in the case of Gibbs v. SLM Corp., 336 F. Supp. 2d 1, 11 (D. Mass. 2004), the FCRA assigns responsibilities to three types of entities: (1) consumer reporting agencies, (2) those who use consumer reports, and (3) those who furnish information to consumer reporting agencies. In the present case, Verizon is a furnisher of information to Experian; therefore, Verizon's two duties under FCRA are controlled by 15 U.S.C.

§1681s-2. That section requires Verizon to provide accurate information to Experian (15 U.S.C. §1681s-2(a)), and to undertake an investigation upon receiving notice of a dispute from Experian (15 U.S.C. §1681s-2(b)). However, courts have routinely concluded that §2(b) "provides a private cause of action only if the furnisher [of information] received notice from a consumer reporting agency, as opposed to the plaintiff alone, that the credit information was disputed." Gibbs v. SLM Corporation, 336 F. Supp.2d at 11-12. *See also* Leet v. Cello Partnership d/b/a Verizon Wireless, 480 F. Supp.2d 422, 428-29 (D. Mass. 2007) (FCRA claim dismissed against telephone company where amended complaint did not allege that any consumer reporting agency ever contacted telephone company regarding dispute).

A plain reading of the plaintiff's First Amended Complaint reveals that the plaintiff contacted both Verizon and Experian to dispute the two telephone accounts. However, the plaintiff does not allege anywhere in the First Amended Complaint that Experian notified Verizon that the two accounts were in dispute. While Verizon certainly knew, through its communications with the plaintiff, that she contested the accuracy of her credit information, it is not alleged in the First Amended Complaint that such notice was conveyed to Verizon via Experian.

Consistent with this court's prior rulings in Gibbs v. SLM Corp., 336 F. Supp. 2d 1, 11 (D. Mass. 2004), and Leet v. Cello Partnership d/b/a Verizon Wireless, 480 F. Supp.2d 422, 428-29 (D. Mass. 2007), the plaintiff has failed to state a claim under the FCRA; therefore, Count I of the First Amended Complaint should be dismissed.

III.  **The Plaintiff's Massachusetts State Law Claims Are Preempted by the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq., and, Therefore, Must be Dismissed.**

1.  **G.L. c. 93, §54A**

G.L. c. 93, §54A, sets forth procedures to ensure the accuracy of information that is reported to consumer reporting agencies. In Counts V, VI and VII of her First Amended Complaint, the plaintiff alleges that Verizon violated the following sections of G.L. c. 93, §54A:

(a) Every person who furnishes information to a consumer reporting agency shall follow reasonable procedures to ensure that the information reported to a consumer reporting agency is accurate and complete. No person may provide information to a consumer reporting agency if such person knows or has reasonable cause to believe such information is not accurate or complete.

(c) While the completeness or accuracy of any information on a specific transaction or experience furnished by any person to a consumer reporting agency is subject to a continuing bona fide dispute between the affected consumer and that person, the person many not furnish the information to any consumer reporting agency, without also including a notice that the information is disputed by the consumer; provided further, that no person may report to a consumer reporting agency that a consumer's bill is delinquent until said bona fide dispute is resolved pursuant to the federal Fair Credit Billing Act.

(f) Upon receiving notice of a dispute pursuant to [G.L. c. 93, §58(a)] with regard to the completeness or accuracy of any information provided to a consumer reporting agency, the person provided the information shall (1) complete the investigation with respect to the disputed information and report to the consumer reporting agency the results of that investigation before the end of the thirty-business-day period beginning on the date the consumer reporting agency received the notice of dispute from the consumer in accordance with [G.L. c. 93, §58(a)] and (2) review relevant information submitted to it.

In the case of Islam v. Option Mortgage Corporation, 432 F. Supp.2d 181, 189 (D.

Mass. 2006), this court held that the provisions of G.L. c. 93, §54A, are preempted by the FCRA. See also Gibbs v. SLM Corp., 336 F. Supp. 2d 1, 11 (D. Mass. 2004), and Leet v. Cello Partnership d/b/a Verizon Wireless, 480 F. Supp.2d 422, 428-29 (D. Mass. 2007). Based on the Islam decision, Counts V, VI, VII of the plaintiff's First Amended Complaint – all of which assert violations of G.L. c. 93, §54A – must be dismissed.

2.    **G.L. c. 93A**

The plaintiff alleges in Count VIII of the First Amended Complaint that Verizon violated G.L. c. 93A, §2, in reporting inaccurate credit information, failing to investigate and correct credit information, failing to report credit information as disputed, and requiring the filing of a police report as a condition of investigating and correcting inaccurate credit information. The plaintiff further alleges that Verizon violated G.L. c. 93A in failing to make a reasonable written settlement offer within 30 days of receiving the plaintiff's settlement demand.

In the case of Leet v. Cello Partnership d/b/a Verizon Wireless, 480 F. Supp.2d 422, 428-33 (D. Mass. 2007), the court allowed the defendant's motion to dismiss the plaintiff's G.L. c. 93A claim to the extent it was premised on the reporting of inaccurate information to credit reporting agencies, or on the failure to remove such information from a credit report. Under those conditions, the plaintiff's allegations fell within the subject matter of 15 U.S.C. §1681s-2; therefore, the plaintiff's G.L. c. 93A claims were preempted by the FCRA. See also Islam v. Option Mortgage Corporation, 432 F. Supp.2d 181, 189 (D. Mass. 2006) (G.L. c. 93A claims preempted by the FCRA to extent

that plaintiff relies on G.L. c. 93, §54(a)).

The plaintiff's G.L. c. 93A claim against Verizon in this litigation is founded exclusively on alleged violations of G.L. c. 93, §§54A(a), 54A(c) and 54A(f). Even the plaintiff's claim that Verizon violated G.L. c. 93A by failing to make a reasonable settlement offer is derived from alleged violations of G.L. c. 93, §54A. The plaintiff's G.L. c. 93A claim is preempted by FCRA and must be dismissed.

## CONCLUSION

For the foregoing reasons, the defendant, Verizon New England, Inc., respectfully requests that this Honorable Court dismiss Counts I, V, VI, VII and VIII of the First Amended Complaint, as the plaintiff has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), the defendant, Verizon New England, Inc., requests oral argument on its Motion to Dismiss.

DEFENDANT
VERIZON NEW ENGLAND, INC.
By its attorneys,

/s/James R. Dyer
BBO #558929
/s/Syd A. Saloman
BBO #645267
Tucker, Heifetz & Saltzman, LLP
100 Franklin Street
Boston, MA 02110
(617) 557-9696
Fax: 617-227-9191
Email: dyer@ths-law.com

## CERTIFICATE OF SERVICE

      I, James R. Dyer, hereby certify that on this 7th day of August 2009, I served a copy of this document electronically through the EFC system to the registered participants on the Notice of Electronic filing (NEF):

Kenneth D. Quat, Esq.
Quat Law Offices
678 Massachusetts Avenue, Suite 702
Cambridge, MA  02139
kquat@quatlaw.com

Margaret L. Weir, Esq.
121 Loring Avenue
Suite 510
Salem, MA  01970
maggieweir@yahoo.com

                                                */s/James R. Dyer*