UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHANIE CATANZARO,  )<br>    Plaintiff   )<br>             )<br>v.               )<br>               )<br>EXPERIAN INFORMATION SOLUTIONS, )<br>INC. and          )<br>VERIZON NEW ENGLAND, INC., )<br>    Defendants  )| Civil Action No. 09-10555-RBC |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO VERIZON NEW ENGLAND, INC.'S MOTION TO DISMISS**

**Introduction**

  Plaintiff is a 21 year-old college student who learned in 2008 that defendant Verizon New England, Inc. ("Verizon") was reporting to national credit reporting agencies ("CRAs") that she was delinquent on two telephone accounts even though plaintiff had never opened either account, had never agreed to be responsible for either account, and was not even aware of either account. First Amended Complaint ("FAC"), ¶6. Plaintiff and her father reported these errors to Verizon, but were told that Verizon would not investigate until and unless she filed an identity theft report with the local police, a position which Verizon subsequently confirmed in writing. FAC, ¶¶6-7.

  Plaintiff did not believe it was fair or appropriate that she be required to file a police report as a prerequisite for having her credit information corrected. Therefore, she sent Verizon a letter in which she again requested that the erroneous information be corrected, and further informed Verizon that she was not of legal age when the subject

accounts were opened in 2006. FAC, ¶9. No corrective action was taken in response to plaintiff's letter, and this action followed.[1] Plaintiff asserts, *inter alia,* that Verizon – a "furnisher of information to consumer reporting agencies" - violated section 1681s-2(b) of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"), several provisions of the Massachusetts Credit Reporting Act, G.L. c. 93, §50 *et seq.* ("MCRA"), and further that these violations constituted unfair and/or and/or deceptive conduct in violation of section 2 of the Massachusetts Consumer Protection Act, G.L. c. 93A.[2]

## Argument

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Cameron v. Idearc Media Corp.,* 2009 WL 2496439*3 (D.Mass. Aug. 13, 2009), *quoting Ashcroft v. Iqbal,* ___U.S.___, 129 S.Ct. 1937 (2009)(internal citation omitted). Thus, dismissal for failure to state a claim is only appropriate "when the pleadings fail to set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Id., quoting Berner v. Delahanty,* 129 F.3d 20, 25 (1st Cir.1997) (internal citation omitted). Otherwise stated, "the factual allegations of a complaint must '"possess enough heft"' to set forth '"a plausible entitlement to relief."'" *Sanabria v. City of Lawrence,* 2009 WL 2711903 *2 (D. Mass. 2009 Aug. 26, 2009) quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557, 559 (2007).

---

[1] Plaintiff also submitted oral and written disputes directly to defendant Experian, but neither dispute resulted in any corrective action. FAC, ¶¶6, 10-11.

[2] The FAC contains an additional claim under section 1692(e)(8) of the Fair Debt Collection Practices Act, but this is not addressed by the present motion.

### I. THE FAC ALLEGES SUFFICIENTLY THAT EXPERIAN INFORMED VERIZON OF PLAINTIFF'S DISPUTES.

Verizon contends first that the FCRA claim (count I) is subject to dismissal because "plaintiff does not allege anywhere in the First Amended Complaint that Experian notified Verizon that the two accounts were in dispute." Def.Mem., p. 5. This line of attack is utterly unfounded.

Verizon properly points out that proof of a violation of 15 U.S.C. §1681s-2(b)(1) requires a showing that it failed to conduct a reasonable investigation "after receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." *See Gibbs v. SLM Corp.,* 336 F.Supp.2d 1, 11-12 (2004)(noting that section 1681s-2(b) "provides a private cause of action only if the furnisher received notice from a consumer reporting agency, as opposed to the plaintiff alone, that the credit information was disputed"). However, the FAC clearly alleges, twice, that Verizon was in fact notified of plaintiff's dispute by Experian, first in paragraph 13 - "Verizon violated 15 U.S.C §1681s-2(b) by failing to conduct reasonable investigations of plaintiff's disputes *upon notification by Experian*" (emphasis supplied), and again in paragraph 32 - "*Upon receiving notice of plaintiff's disputes from Experian*, Verizon failed to review relevant information submitted by Experian and failed to conduct reasonable investigations of the disputes." (emphasis supplied). These allegations are more than sufficient to withstand defendant's motion. *See,* e.g., *Wenner v. Bank of America, N.A.,* ___F.Supp.2d___, 2009 WL 1650273 *5 (D. Kan. June 12, 2009)(FCRA claims viable based on allegation that furnisher failed to properly investigate and update "when notified by the CRAs of plaintiffs' dispute"); *Watson v. Trans Union Credit Bureau,* 2005 WL 995687 *5(D. Me. April 28, 2005)

(notice sufficiently alleged where complaint stated CRA was contacted and consumer received a response from furnisher; consumer "would not necessarily be privy to communications between the credit reporting agency and the furnisher"). *Compare Gibbs v. SLM Corp.,* 336 F.Supp.2d 1, 12 (D. Mass. 2004)(dismissal warranted where complaint contained no allegation whatsoever "that [consumer] contacted any credit reporting agency or that the agency, in turn, got in touch with any of the defendants").

Consequently, the FAC adequately alleges that Verizon was notified by Experian of plaintiff's disputes. Defendant's motion to dismiss count I of the FAC must therefore be denied.[3]

## II. PLAINTIFF'S CLAIM UNDER G.L. c. 93, §54A(a) IS NOT PREEMPTED BY THE FCRA.

Verizon asserts that all of plaintiff's MCRA claims and her G.L. c. 93A claim are preempted by the FCRA. Verizon does not cite any statute in support of its position, but its reliance on *Islam v. Option One Mortgage Corp.,* 432 F.Supp.2d 181 (D. Mass. 2006), indicates that Verizon's position is likely predicated on the FCRA's "express preemption" provision, 15 U.S.C. §1681t(b)(1). As the following discussion will demonstrate, however, *Islam* did not settle this question with respect to the claim under G.L. c. 93, 54A(a) – count V of the FAC - and it is not preempted.

Count V asserts that Verizon provided information to Experian knowing or having reasonable cause to believe that it was inaccurate in violation of G.L. c. 93, §54A(a). The language of this section essentially tracks that of 15 U.S.C. §1681s-2(a)(1)(A), but liability under the Massachusetts statute is not contingent on the furnisher's receipt of notice of a dispute from a credit reporting agency: "[a] person who

---

[3] In the event the Court deems plaintiff's allegations regarding notice to be inadequate in any respect, plaintiff requests leave to amend in order to rectify same.

4

furnishes information to a consumer reporting agency shall be liable for failure to comply with the provisions of this section . . ." G.L. c. 93, §54A(g). As noted, the FCRA only imposes liability on a furnisher when it fails to conduct a reasonable investigation of a dispute after having received notice of same from a consumer reporting agency. 15 U.S.C. §1681s-2(b).

In *Islam,* plaintiffs asserted that the defendant furnisher violated c. 93, §54A(a) by reporting erroneously to CRAs that mortgage payments were delinquent. The Court recognized that section 54A(a) was expressly excepted from FCRA preemption but that section 54(g) - which provides for a private cause of action - was not specifically excepted, and wrestled with "the apparent disparity between Congress expressly excepting from preemption that portion of the Massachusetts statute creating a duty and nevertheless not excepting the portion creating liability." *Id.,* at 187. The Court looked to an opinion from the federal district court of Wyoming, which, in analyzing a similar preemption "disparity" between the FCRA and California state law, held that the Congressional intent was to leave enforcement of analogous state law claims to governmental agencies, but recognized this would not resolve the conflict where state officials or agencies lacked enforcement authority: "If state officials cannot enforce the excepted provision, it would make no sense for Congress to except it from preemption while at the same time eliminate private rights of action based upon it." *Id.,* at 189.[4] Even though the Court could "find no authorization for the Massachusetts Attorney General or other state official to enforce Section 54A(a)," the Court deemed the section

---

[4] In *Leet v. Cellco P'Ship,* 480 F.Supp.2d 422, 433 n. 7 (D. Mass. 2007), Judge Saylor echoed this concern of the *Islam* court, noting the "potential anomaly" created by the exception provided for §54A(a) but not for §54A(g).

5

54A(a) claim to be preempted because the parties themselves stipulated that the Attorney General did have such power. *Id.*

Because the result in *Islam* was premised on the parties' admissions that the Attorney General possessed the necessary authority to enforce section 54A, it does not control the outcome here. Indeed, it is apparent – as the Court determined – that neither the Attorney General nor any other Massachusetts agency or official has the authority to enforce section 54A(a) on plaintiff's behalf. *Id,* at 189, n. 7. Consequently, the only plausible way to reconcile the "disparity" is by holding that plaintiff may pursue a cause of action under section 54A(a).

This conclusion is consistent with well-established principles of construction. There is a "strong presumption against preemption," and any Congressional indication of express preemption must be "strictly construed." *Palmer v. Liggett Group, Inc.*, 825 F.2d 620, 625 (1st Cir. 1987). Indeed, for express preemption to apply Congressional intent must be "unmistakable." *First Medical Health Plan, Inc. v. Vega-Ramos,* 479 F.3d 46, 51 (1st Cir. 2007). As has been recognized, "'the historic police powers of the States [are] not to be superceded by . . . Federal Act unless that [is] the clear and manifest purpose of Congress.'" *Pharmaceutical Research and Mfrs. Of America v. Concannon,* 249 F.3d 66, 75 n. 6 (1st Cir. 2001), quoting *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230 (1947). *See General Motors Corp. v. Abrams,* 897 F.2d 34 (2nd Cir. 1990)("[b]ecause consumer protection law is a field traditionally regulated by the states, compelling evidence of an intention to preempt is required in this area"). Accordingly, in construing section 1681t(b)(1), the Court "must give effect to its plain language unless there is good reason to believe Congress intended the language to have some more

restrictive meaning." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97 (1983). Here, the conclusion that section 54A(g) is not preempted by the FCRA is buttressed by the plain language of section 1681t(b)(1)(F), which reads:

> (b) General exceptions. No *requirement or prohibition* may be imposed under the laws of any State –
>
> (1) with respect to any *subject matter* regulated under –
> . . . . . . .
> (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply –
>
> (i) with respect to section 54A(a) of chapter 93 of Massachusetts Annotated Laws (as in effect on September 30, 1996). . . .

(emphasis supplied). First, the phrase "requirement or prohibition" does not remotely describe the substance of section 54A(g), which states simply that a furnisher is liable for failing to comply with the other sub-sections of section 54A. And, second, the "subject matter" of section 1681s-2 is – as section 1681t(b)(1) itself states - the *conduct* of furnishers, i.e., "the responsibilities of persons who furnish information to consumer reporting agencies." By no stretch of the imagination can it be reasonably said that section 1681s-2 is concerned in any fashion with the *enforcement* of liability.

Finally, the section 54A(a) claim is not preempted as it pertains to Verizon's alleged misconduct which occurred prior to being notified by Experian of plaintiff's dispute, since section 1681s-2(b) is concerned only with the post-notice conduct of furnishers. *See,* e.g., *Harrison v. Ford Motor Credit Co.,* 2005 WL 15452*1 (D. Conn. Jan. 3, 2005)(noting that {t]he most recent, and better reasoned decisions . . .[hold] state law claims are not preempted insofar as they are based on {furnisher's] conduct before it was notified of the existence of a dispute by a CRA"). Here, plaintiff alleges, *inter alia,*

7

that Verizon furnished inaccurate information to Experian, and that she unsuccessfully asked Verizon refused to correct it, well prior to her sending Experian a formal dispute letter on December 18, 2008.  *See* FAC, ¶5 – 9.  Accordingly, at a minimum this aspect of the claim should be allowed to proceed.

### III.  PLAINTIFF'S CHAPTER 93A CLAIM IS NOT PREEMPTED.

Verizon contends that plaintiff's claim under G.L. c. 93A, §9 (count VIII), is completely preempted by the FCRA.  Verizon is mistaken.

Pursuant to 940 CMR 3.16(4), any violation of the FCRA is a *per se* violation of G.L. c. 93A.[5]  The same is true of MCRA violations: "[f]ailure to comply with the provisions of sections fifty through sixty-seven shall constitute an unfair trade practice under the provisions of clause (a) of chapter ninety-three A."  G.L. c. 93, §68.  Plaintiff's Chapter 93A claim can reasonably be read as predicated on Verizon's liability under the FCRA and the MCRA: it states that *"[t]he aforesaid conduct* of Verizon was unfair and/or deceptive in violation of G.L. c. 93A, section 2" (emphasis supplied), and all of the preceding allegations of the FAC are incorporated into count VIII.  FAC, ¶¶39, 41.  Under such circumstances, the claim is not preempted because Chapter 93A is not being invoked to impose any "requirement or prohibition" related to furnisher conduct under section 1681s-2 (or indeed under any other section of the FCRA) - it is simply providing another remedy for the same conduct which allegedly violated the FCRA.[6]

---

[5] The regulation reads in pertinent part: "[A]n act or practice is a violation of M.G.L. c. 93A, §2, if . . . it violates the Federal Trade Commission Act, the Federal Consumer Credit Protection Act or other Federal consumer protection statutes within the purview of M.G.L. c. 93A, §2."

[6] Plaintiff acknowledges that the "piggyback" nature of her Chapter 93A claim is not clearly spelled out in count VIII of the FAC.  However, it is certainly strongly implied, and Verizon cannot claim surprise or prejudice since it was alleged clearly in plaintiff's pre-suit demand letter.  In any event, to the extent amending paragraph 41 of the FAC may be warranted, plaintiff seeks leave to do so.

8

**Conclusion**

For the above reasons, Verizon's motion to dismiss should be denied as to counts I, V and VIII of the FAC.

>STEPHANIE M. CATANZARO
>By her attorney:
>
>*/s/Kenneth D. Quat*
>BBO #408640
>QUAT LAW OFFICES
>678 Massachusetts Avenue, Suite 702
>Cambridge MA 02139
>617-492-0522
>kquat@quatlaw.com

**Certificate of Service**

I hereby certify that on September 10, 2009, I served the foregoing document on all registered ECF users via the Court's ECF system, and on any non-registered parties via first class mail, postage prepaid.

>*/s/Kenneth D. Quat*