UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHANIE CATANZARO,  )<br>          Plaintiff  )<br>  )<br>v.  )<br>  )<br>EXPERIAN INFORMATION SOLUTIONS, )<br>INC. and  )<br>VERIZON NEW ENGLAND, INC.,  )<br>          Defendants  ) | Civil Action No. 09-10555-RBC |

**PLAINTIFF'S PARTIAL OPPOSITION TO JOINT MOTION OF DEFENDANTS TO CONSOLIDATE PURSUANT TO FED.R.CIV.P. 42(a)**

Plaintiff hereby opposes defendants' joint motion to consolidate the instant action with the case of *Catanzaro v. Trans Union LLC et al.,* Civil Action 09-10556-WGY, for purposes beyond discovery and other pre-trial proceedings.

**Introduction**

In September, 2008, plaintiff learned that defendant Verizon had reported to defendant Experian, a consumer reporting agency ("CRA"), that she was delinquent on two telephone accounts which she had never opened. First Amended Complaint ("FAC"), ¶6. Plaintiff went to great lengths to attempt to have this error rectified, but Verizon refused to change its reporting until and unless plaintiff filed an identity theft report with her local police department, which for personal reasons plaintiff did not wish to do. In addition, neither defendant changed the reporting even though plaintiff supplied documentation indicating that she was a minor at the time the accounts were allegedly opened and thus did not have the legal capacity to contract for them. FAC, ¶10.

Plaintiff thus filed the instant action alleging that defendants' acts and omissions violated several provisions of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA") and the Massachusetts consumer credit reporting statute, G.L. c. 93, §50 *et seq.*, causing damage to her credit score, causing her to be denied credit, and causing her humiliation and distress as a result of the credit denials. Because Verizon had also reported the incorrect negative information to a second credit bureau, Trans Union, and because plaintiff was equally unsuccessful in convincing Verizon and Trans Union to remedy those errorr, she filed a second case against Verizon and Trans Union, which was given docket number 09-10556.

**Argument**

**BECAUSE OF THE LIKELIHOOD OF CONFUSION, INEFFICIENCY, AND PREJUDICE WHICH WOULD RESULT FROM CONSOLIDATED TRIALS, CONSOLIDATION SHOULD BE LIMITED TO PRE-TRIAL PROCEEDINGS**

In considering a motion to consolidate, the Court is to weigh "the convenience or inconvenience to the parties, judicial economy, the savings in time, effort or expense and 'any confusion, delay or prejudice that might result from consolidation.'" *Tingley Systems, Inc. v. CSC Consulting, Inc.,* 152 F. Supp. 2d 95, 102 (D. Mass. 2001), quoting *Data General corp. v. Grumman Systems Support Corp.,* 834 F. Supp. 477, 487 (D.Mass. 1992), *aff'd* 36 F.3d 1147 (1st Cir. 1994). "The burden is on the moving party in persuading the court to grant its motion to consolidate." *ICC Industries Inc. v. E.I. Dupont De Nemours & Co.,* 242 F.Supp.2d 196, 221 (W.D.N.Y. 2002), citing *MacAlister v. Guterma,* 263 F.2d 65, 70 (2nd Cir. 1958).

The FCRA and, to a lesser extent, its Massachusetts counterpart, set forth specific prerequisites which a consumer must follow in order to assert claims such as the kind

involved here. Thus, a claim against a furnisher of information such as Verizon may only proceed if the consumer has first requested a re-investigation of the disputed matter by the CRA, and the CRA has then notified the furnisher of same. 15 U.S.C. §1681s-2(b)(1). Similarly, a CRA may only be held liable for reporting inaccurate or incomplete information if it fails to conduct a reasonable reinvestigation after being notified of a dispute by a consumer, or if it has not established or followed reasonable procedures to insure maximum possible accuracy in credit reports. 15 U.S.C. §1681e(b).

In view of these statutory requirements, it becomes clear that defendants have grossly overstated the similarity between the two actions commenced by plaintiff. Although there is a common defendant, and the causes of action are similar, the *only* common factual issues are Verizon's initial reporting of the subject accounts to the two CRAs and Verizon's business practice with respect to account disputes arising from allegations of identity theft. Moreover, these two issues are dwarfed by the myriad factual issues which are dissimilar: the substance of plaintiff's separate disputes made to each CRA; the procedures established by each CRA to assure maximum possible accuracy in preparing plaintiff's credit report; the actions taken (or not taken) by each CRA in response to plaintiff's separate disputes; whether each CRA conducted a re-investigation in response to plaintiff's dispute and, if so, whether the CRA followed reasonable procedures in doing so; whether each CRA contacted Verizon as a result of plaintiff's dispute and, if so, the steps which Verizon took (if any) in response to such notification; whether Verizon responded to any contact from the CRAs and, if so, the substance of Verizon's response and the actions taken (or not taken) by each CRA as a result. In addition, the two cases present a number of different factual questions

pertaining to damages, including the extent to which the misreporting by each CRA affected plaintiff's credit score, the extent to which misreporting contributed to plaintiff being denied credit, and whether any misconduct by the CRA was willful such that it would be liable for actual or statutory damages (as opposed to simply actual damages due to mere negligence) as well as punitive damages. 15 U.S.C. §1681n.

At trial, therefore, all of the evidence as to each CRA, and much of the evidence as to Verizon, will be significantly different. In addition, a consolidated trial has the potential to be extremely prejudicial to plaintiff's attempt to recover adequate damages, since a single jury will tend to assess plaintiff's damages as a whole rather than as flowing separately from separate actions and different defendants. *See Blasko v. Washington Met. Area Transit Authority,* 243 F.R.D. 13, 16 (D.D.C. 2007)(consolidation improper "[if] the plaintiffs' damages claims may require distinct evidentiary support"). The clear predominance of dissimilar factual and legal issues means that, at most, consolidation should be limited to pre-trial proceedings. It is well-recognized that "[w]hile 'considerations of judicial economy favor consolidation,' those considerations 'must yield to a paramount concern for a fair and impartial trial.'" *Solvent Chemical Co. ICC Industries Inc. v. E.I. Dupont De Nemours & Co.,* 242 F.Supp.2d 196, 221 (W.D.N.Y. 2002), quoting *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1285 (2nd Cir. 1990. *See Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds,* 250 F.R.D. 171, 176 (D.N.J. 2008)(consolidation should be denied if "[it] will lead to confusion or prejudice in the trial of a case"); *In re Revenue Properties Co.,* 309 F.Supp. 1002, 1003 (Jud.Pan.Mult.Lit. 1970)(consolidation limited to pretrial proceedings)

4

**Conclusion**

For the above reasons, defendants' motion should be denied insofar as it seeks consolidation for trial.

                                      STEPHANIE M. CATANZARO
                                      By her attorney:

                                      */s/Kenneth D. Quat*
                                      BBO #408640
                                      QUAT LAW OFFICES
                                      678 Massachusetts Avenue, Suite 702
                                      Cambridge MA 02139
                                      617-492-0522
                                      kquat@quatlaw.com

**Certificate of Service**

I hereby certify that on October 6, 2009, I served the foregoing document on all registered ECF users via the Court's ECF system, and on any non-registered parties via first class mail, postage prepaid.

                                      */s/Kenneth D. Quat*