**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STEPHANIE CATANZARO,<br>　　　　Plaintiff<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS,<br>INC. and<br>VERIZON NEW ENGLAND, INC.,<br>　　　　Defendants | )<br>)<br>)<br>)　Civil Action No. 09-10555-NMG<br>)<br>)<br>)<br>)<br>) |

**SECOND AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL**
**(Leave to File Granted December 1, 2009)**

Plaintiff brings this action seeking injunctive relief and damages due to defendants' misconduct in furnishing and reporting erroneous credit information regarding plaintiff. Plaintiff alleges that both defendants violated the Fair Credit Reporting Act ("FCRA") and its Massachusetts counterpart in multiple respects, and that defendant Verizon also violated the Fair Debt Collection Practices Act ("FDCPA") and Massachusetts General Laws Chapter 93A.

**Parties**

1. Plaintiff Stephanie Catanzaro is an individual who at all relevant times has resided in Haverhill, Essex County, Massachusetts.

2. Defendant Experian Information Solutions, Inc. is, on information and belief, a duly organized and existing corporation with a principal place of business located in Allen, Texas, and which is engaged in business in the Commonwealth of Massachusetts.

Experian is a "consumer reporting agency" as said term is defined in the FCRA and G.L. c. 93, §50.

3. Defendant Verizon New England, Inc. ("Verizon") is a duly organized and existing New York corporation which is engaged in business in the Commonwealth of Massachusetts.

## Jurisdiction and Venue

4. Plaintiff's claims arise under 15 U.S.C. §1681 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §§1681(p). This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claim arising under state law.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Statement of Facts

6. In or about September, 2008, plaintiff became aware that Verizon had reported to Experian that she was delinquent on 2 accounts and that both accounts had been "charged off." At plaintiff's request, plaintiff's father called Experian and informed Experian that the accounts in question were not plaintiff's and must have been opened by another individual using plaintiff's identity without permission. Plaintiff's father also called Verizon and reported the same information.

7. As a result of the above telephone dispute, Verizon sent plaintiff a letter stating that it would not conduct an investigation unless plaintiff filed an "Identity Theft Report" with her local law enforcement agency and provided a copy of same to Verizon.

8. As a result of the telephone call made to Experian by plaintiff's father, Experian notified Verizon that plaintiff's accounts were disputed, which notification was received

by Verizon. Experian then sent plaintiff a document dated October 16, 2008, indicating that it had engaged in a "dispute verification process" and that the accounts were verified as belonging to plaintiff. Said document did not indicate that the accounts were disputed.

9. On October 22, 2008, plaintiff sent Verizon a letter disputing that the accounts were not hers and that at the time they were opened she was a minor and thus did not have legal capacity to contract for them. In the letter plaintiff requested that Verizon contact Experian to have the information regarding the accounts removed from her credit history.

10. Plaintiff sent Experian a letter dated December 18, 2008 by certified mail, return receipt requested, disputing the accounts as the result of identity theft and including all relevant information , including documentation reflecting that she was a minor at the time the accounts were opened and thus did not have legal capacity to contract for them. Plaintiff's letter was received by Experian on December 30, 2008.

11. Experian sent plaintiff a letter dated January 8, 2009, in which it stated that it had "already investigated" the accounts "and the credit grantor has verified its accuracy." Enclosed was a current Experian credit report which listed both accounts as delinquent and did not indicate that either account was disputed.

## Federal Claims

### COUNT I

### (FCRA v. Verizon)

12. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

13. Verizon violated 15 U.S.C. §1681s-2(b)(1) by failing to conduct reasonable investigations of plaintiff's disputes upon notification by Experian, including but not

limited to failing to review all relevant information regarding same and by failing to accurately respond to Experian.

14. As results of Verizon's misconduct, plaintiff's credit score was reduced, plaintiff was unable to obtain and benefit from credit, and plaintiff suffered the anguish, distress, and humiliation of credit denials.

15. Verizon's misconduct was willful, rendering it liable for actual or statutory and punitive damages pursuant to 15 U.S.C. §1681n.  Alternatively, Verizon's conduct was negligent, rendering it liable for actual damages under 15 U.S.C. §1681o.

> WHEREFORE, plaintiff prays that this Honorable Court enter judgment:
>
> (i) awarding her actual or statutory and punitive damages pursuant to 15 U.S.C. §1681 or alternatively, awarding her damages pursuant to 15 U.S.C. §1681o;
>
> (ii) ordering Verizon to instruct Experian to delete the subject accounts from plaintiff's credit file;
>
> (iii) awarding interest, costs, and reasonable attorney's fees;
>
> (iv) awarding such further relief as shall be just and proper.

## COUNT II

### (FDCPA v. Verizon)

16. The allegations of paragraphs 1 – 15 are incorporated herein as if fully set forth.

17. Verizon violated 15 U.S.C. §1692(e)(8) by failing to communicate to Experian that plaintiff disputed the accounts in question.

18. As results of Verizon's misconduct, plaintiff's credit score was reduced, plaintiff was unable to obtain and benefit from credit, and plaintiff suffered the anguish, distress, and humiliation of credit denials.

    WHEREFORE, plaintiff prays that this Honorable Court enter judgment:

    (i)    awarding her actual and statutory damages;

    (ii)    awarding interest, costs, and reasonable attorney's fees;

    (iii)    awarding such further relief as shall be just and proper.

## COUNT III

### (FCRA v. Experian)

19. The allegations of paragraphs 1 – 18 are incorporated herein as if fully set forth.

20. Experian violated 15 U.S.C. §1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of plaintiff's credit report and credit files.

21. As results of Experian's misconduct, plaintiff's credit score was reduced, plaintiff was unable to obtain and benefit from credit, and plaintiff suffered the anguish, distress, and humiliation of credit denials.

22. The misconduct of Experian was willful, rendering it liable for actual or statutory and punitive damages pursuant to 15 U.S.C. §1681n.  Alternatively, Experian was negligent, entitling plaintiff to actual damages pursuant to 15 U.S.C. §1681o.

    WHEREFORE, plaintiff prays that this Honorable Court enter judgment:

    (i)    awarding her actual or statutory and punitive damages pursuant to 15 U.S.C. §1681 or alternatively, awarding her actual damages pursuant to 15 U.S.C. §1681o;

    (ii)      ordering Experian to delete the subject accounts from plaintiff's credit file;

    (iii)     awarding interest, costs, and reasonable attorney's fees;

    (iv)     awarding such further relief as shall be just and proper.

## COUNT IV

### (FCRA v. Experian)

23. The allegations of paragraphs 1 – 22 are incorporated herein as if fully set forth.

24. Experian violated 15 U.S.C. §1681i(a) by failing to conduct a reasonable reinvestigation of plaintiff's disputes including, but not limited to, failing to consider and credit reliable information submitted by plaintiff, failing to forward all relevant information to Verizon, and relying upon verification from a source it had reason to know was unreliable.

25. As results of Experian's misconduct, plaintiff's credit score was reduced, plaintiff was unable to obtain and benefit from credit, and plaintiff suffered the anguish, distress, and humiliation of credit denials.

26. The misconduct of Experian was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. §1681n.  Alternatively, Experian was negligent, entitling plaintiff to damages pursuant to 15 U.S.C. §1681o.

    WHEREFORE, plaintiff prays that this Honorable Court enter judgment:

    (i)      awarding her actual or statutory and punitive damages pursuant to 15 U.S.C. §1681n or alternatively, awarding her actual damages pursuant to 15 U.S.C. §1681o;

    (ii)      ordering Experian to delete the alleged accounts from plaintiff's credit file;

(iii)   awarding interest, costs, and reasonable attorney's fees;

(iv)   awarding such further relief as shall be just and proper.

### State Law Claims: Verizon

### COUNT V

27. The allegations of paragraphs 1 – 26 are incorporated herein as if fully set forth.

28. Verizon provided information to Experian knowing or having reasonable cause to believe that it was inaccurate, thus violating G.L. c. 93, §54A(a).

29. As results of Verizon's misconduct, plaintiff's credit score was reduced, plaintiff was unable to obtain and benefit from credit, and plaintiff suffered the anguish, distress, and humiliation of credit denials.

30. Verizon's violations as aforesaid were willful.  Alternatively, plaintiff alleges that the violations were negligent.

WHEREFORE, plaintiff prays that this Honorable Court enter judgment:

(i)   awarding her actual and punitive damages pursuant to G.L. c. 93, §63, or alternatively, awarding her actual damages pursuant to G.L. c. 93, §64;

(ii)   ordering Verizon to instruct Experian to delete the subject accounts from plaintiff's credit file;

(iii)   awarding interest, costs, and reasonable attorney's fees;

(iv)   awarding such further relief as shall be just and proper

### COUNT VI[1]

31. The allegations of paragraphs 1 – 30 are incorporated herein as if fully set forth.

32. At all relevant times, Verizon was engaged in trade or commerce in Massachusetts.

---

[1] Plaintiff's claim against Verizon under G.L. c. 93A was dismissed by the Court in its order of December 1 2009.  Plaintiff re-asserts this claim in the second amended complaint so as not to prejudice appellate rights.

33. The aforesaid conduct of Verizon was unfair and/or deceptive in violation of G.L. c. 93A, section 2. Verizon's unlawful conduct included, but was not limited to, reporting inaccurate credit information, failing to investigate and correct inaccurate credit information in response to plaintiff's requests, failing to report credit information as disputed, and requiring the filing of a police report as a condition of investigating and correcting inaccurate credit information.

34. The aforesaid unfair and/or deceptive conduct of Verizon was knowing or willful in nature.

35. As results of Verizon's unlawful conduct, plaintiff's credit score was reduced, plaintiff was unable to obtain and benefit from credit, and plaintiff suffered the anguish, distress, and humiliation of credit denials.

36. On April 7, 2009, plaintiff – through counsel – sent Verizon a demand for relief pursuant to G.L. c. 93A, section 9, via certified mail, return receipt requested, which demand reasonably described the unlawful acts and practices complained of and injuries suffered.

37. Verizon received plaintiff's demand, but did not make a reasonable written tender of settlement within 30 days of receipt.

38. Verizon's failure to make a timely and reasonable written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A, section 2.

    WHEREFORE, plaintiff prays that this Honorable Court enter judgment:

    (i)    awarding her actual or statutory damages pursuant to G.L. c. 93A, §9, whichcever is greater;

  (ii)  doubling or trebling any actual damages awarded;

  (iii)  ordering Verizon to instruct Experian to delete the subject accounts from plaintiff's credit file;

  (iv)  awarding interest, costs, and reasonable attorney's fees;

  (v)  awarding such further relief as shall be just and proper.

## **State Law Claims: Experian**

### **COUNT VII**

39. The allegations of paragraphs 1 - 38 are incorporated herein as if fully set forth.

40. Plaintiff submitted to Experian documentation from public records which confirmed that its credit reporting was inaccurate, yet Experian failed and refused to accept same, thus violating G.L. c. 93, §58(h).

41. As results of Experian's misconduct, plaintiff's credit score was reduced, plaintiff was unable to obtain and benefit from credit, and plaintiff suffered the anguish, distress, and humiliation of credit denials.

42. Experian's failure to comply with said statute was willful. Alternatively, plaintiff alleges that such failure was negligent.

  WHEREFORE, plaintiff prays that this Honorable Court enter judgment:

  (i)  awarding her actual and punitive damages pursuant to G.L. c. 93, §63, or alternatively, awarding her actual damages pursuant to G.L. c. 93, §64;

  (ii)  ordering Experian to delete the subject accounts from plaintiff's credit file;

  (iii)  awarding interest, costs, and reasonable attorney's fees;

  (iv)  awarding such further relief as shall be just and proper.

## COUNT VIII

43. The allegations of paragraphs 1 – 42 are incorporated herein as if fully set forth.

44. Experian failed to conduct reasonable investigations of plaintiff's disputes, thus violating G.L. c. 93, §58(a).

45. As results of Experian's misconduct, plaintiff's credit score was reduced, plaintiff was unable to obtain and benefit from credit, and plaintiff suffered the anguish, distress, and humiliation of credit denials.

46. Experian's violations as aforesaid were willful.  Alternatively, plaintiff alleges that the violations were negligent.

    WHEREFORE, plaintiff prays that this Honorable Court enter judgment:

(i) awarding her actual and punitive damages pursuant to G.L. c. 93, §63, or alternatively, awarding her actual damages pursuant to G.L. c. 93, §64;

(ii) ordering Experian to delete the subject accounts from plaintiff's credit file;

(iii) awarding interest, costs, and reasonable attorney's fees;

(iv) awarding such further relief as shall be just and proper.

**Plaintiff claims trial by jury.**

    STEPHANIE M. CATANZARO
By her attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
617-492-0522
kquat@quatlaw.com

## **Certificate of Service**

I hereby certify that on December 3, 2009, I served the foregoing document on all registered ECF users via the Court's ECF system, and on any non-registered parties via first class mail, postage prepaid.

*/s/Kenneth D. Quat*